STATE

v.

Gerald ELLIS.

No. 92–380–C.A.

Supreme Court of Rhode Island.

March 27, 1995.

Jeffrey Pine, Atty. Gen., Andrea J. Mendes, Sp. Asst. Atty. Gen., and Aaron Weisman, Asst. Atty. Gen., for plaintiff.

Kenneth Glen Littman, Jamestown, for defendant.

## OPINION

PER CURIAM.

This case came before the court for oral argument February 24, 1995, pursuant to an order that had directed the defendant to appear in order to show cause why his appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by the appeal should be summarily decided. The defendant, Gerald Ellis, has appealed from his conviction of four counts of assault with intent to murder, one count of larceny, and one count of resisting arrest.

The defendant does not challenge the evidence presented at his trial but does challenge orders of the trial justice declining to give him an opportunity to substitute other counsel for the member of the public defender's trial staff who had been appointed to defend him and denying a continuance to defendant for the purpose of attempting to

find new counsel. The trial justice gave defendant a choice between going forward pro se or accepting the services of the public defender. At first defendant elected to go forward pro se in impaneling the jury but thereafter chose to be represented by the public defender.

The defendant not only challenges the trial justice's refusal to grant a continuance (or mistrial) in light of the fact that a juror saw him enter the courthouse in handcuffs but also suggests that the jury may have been prejudiced against him because he represented himself on the first day of the trial but was thereafter represented by the public defender.

Our review of the record in this case indicates that the public defender did not fall below the standard required by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), nor does it disclose that the conduct of the public defender in any way prejudiced his client's defense. The defendant was provided with the effective assistance of counsel, and his complaints concerning the public defender were not meritorious nor did they constitute a reason for substituting counsel or granting a continuance.

■■■ The trial justice questioned the jurors concerning possible prejudice relating to the fact that the defendant was in custody, and he also gave a cautionary instruction. His finding that the defendant was not prejudiced by the jurors' observation of the defendant in handcuffs or by the fact that he represented himself during the first day of the trial was not clearly erroneous. *See State v. Correra*, 430 A.2d 1251 (R.I.1981). The defendant also challenges the trial justice's denial of his motion to sever count 1 of the information alleging that the defendant had assaulted Joshua Faison with the intent to murder from the remaining counts in the information. The denial of a motion for severance will not be disturbed unless it is shown that the trial justice has abused his or her discretion and that a defendant has suffered prejudice of such a nature as to deny him or her the right to a fair trial. *State v. Northup*, 486 A.2d 589 (R.I.1985). The defendant's assault upon Faison occurred at approximately 10:30 p.m. on August 17, 1990.

Several hours later the defendant assaulted the other individuals named in counts 2, 3, 4 and 5. All assaults were committed with a firearm. Sufficient connection existed among these counts that joinder was not improper.

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment of conviction is affirmed. The papers in the case may be remanded to the Superior Court.